**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

GERMAINE SHAW, # B-01886,        )
         )
         **Plaintiff,**     )
         )
**vs.**         )    **Case No. 15-cv-00688-JPG**
         )
**DR. JOHN COE, K. CLEVEY,**    )
**WEXFORD HEALTH SERVICE,**   )
**and TRAVIS JAMES,**[1]      )
         )
       **Defendants.**  )

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff Germaine Shaw, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1) against Wexford Health Service (Wexford) and three members of Lawrence's medical staff (Doctor Coe, Nurse Clevey, and Physician's Assistant James). Plaintiff claims that these defendants violated his rights under the Eighth Amendment when they denied him adequate medical care for a leg injury during a three-day period in June 2015. In connection with this claim, he seeks monetary damages and a prison transfer.

### <u>The Complaint</u>

According to the complaint, Plaintiff ruptured several tendons in one of his legs (Doc. 1, pp. 5, 7). Following the repair of this injury, Plaintiff's leg was placed in a cast, and he was housed in Lawrence's health care unit ("HCU") for observation.[2]

---

[1] Plaintiff refers to this defendant as "Travis James" and "James Travis" in the complaint. For the sake of consistency, the Court will refer to this defendant as "Travis James" throughout this Order.
[2] The complaint provides no details regarding the cause of the injury, the date the injury occurred, the leg that was affected, or the procedure(s) used to repair the ruptured tendons.

The cast irritated Plaintiff's ankle by rubbing against it and causing blisters. Therefore, on June 5, 2015, Doctor Coe ordered Nurse Clevey to cut the cast. She allegedly "butchered" it, "causing it to fail [in] its intend[ed] purpose of holding together the rupture[d] tendons that were repaired and also to keep [Plaintiff's] knee from bending" (*Id.*).

Plaintiff notified Travis James, a physician's assistant, about the problem the same day. James agreed to tell Doctor Coe about the issue. It is not clear whether this communication ever occurred. Within hours, Doctor Coe released Plaintiff from the HCU back into the general population.

Plaintiff claims that his release was premature. He returned to the general population without any instructions from medical staff, including guidance on walking, showering, etc. Because walking caused unbearable pain, Plaintiff could not go to the chow hall for meals on June 6, 2015. When he informed a correctional officer about the situation, the correctional officer padded and taped Plaintiff's cast, which did not help at all.

On Sunday, June 7, 2015, Plaintiff returned to the HCU. After examining him, a nurse contacted Doctor Coe and told him that there was absolutely no way that Plaintiff could function in the prison's general population. Doctor Coe agreed to readmit Plaintiff to the HCU for further observation and care. No further details are provided regarding Plaintiff's subsequent treatment.

Plaintiff now sues Wexford, Doctor Coe, Nurse Clevey, and Physician's Assistant James for denying him adequate medical care, in violation of the Eighth Amendment (Doc. 1, p. 5). He seeks monetary damages (Doc. 1, p. 6). In addition, he seeks a prison transfer.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  The complaint does not satisfy this standard.

## Discussion

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment.  *See* U.S. CONST., amend. VIII.  The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and

unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).  To state a claim, a prisoner must show that the: (1) medical condition was objectively serious, and (2) state officials acted with deliberate indifference to the prisoner's health or safety, which is a subjective standard.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

A medical condition is objectively serious if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a layperson would recognize the necessity for a doctor's attention.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  Factors that suggest the presence of a serious medical condition include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Id.* at 1364.

The medical condition described in the complaint supports Plaintiff's Eighth Amendment claim at this early stage of review.  During the relevant time period, Plaintiff was recovering from the repair of several ruptured tendons in his leg.  The complaint suggests that the cast used to stabilize and immobilize Plaintiff's knee was rendered ineffective when Nurse Clevey cut it.  Plaintiff suffered unbearable pain with movement and could not even walk to the prison's dining facility.  These allegations are sufficient to support a finding that Plaintiff suffered from an objectively serious medical condition for screening purposes.

To satisfy the subjective component of an Eighth Amendment claim, the complaint must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  This state of mind is deliberate indifference.  Deliberate indifference is established

when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence is not actionable under Section 1983. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (holding that a defendant can never be held liable under Section 1983 for negligence, or even gross negligence).

This is where Plaintiff's Eighth Amendment claim runs into trouble. The complaint includes very few factual allegations in support of Plaintiff's claim, and virtually none that speak to the deliberate indifference of each defendant. Section 1983 creates a cause of action based on personal liability and predicated upon fault. Therefore, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). To support a claim, Plaintiff must demonstrate that each defendant exhibited deliberate indifference toward his medical needs.

The complaint supports no finding of deliberate indifference against Wexford. This defendant is involved in the action in name only. Beyond listing Wexford as a defendant, the complaint does not mention this defendant anywhere else. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Instead, Plaintiff must include specific allegations against Wexford that demonstrate how this defendant violated Plaintiff's Eighth Amendment rights. Plaintiff cannot proceed against Wexford under a theory of *respondeat superior* -- supervisory liability -- because this doctrine

does not apply to actions filed under Section 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). And although Plaintiff's claim against Wexford might gain traction if one of Wexford's policies or customs caused the constitutional deprivation, the complaint sets forth no such allegation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation). Under the circumstances, Count 1 cannot proceed against Wexford and shall be dismissed.

The complaint also fails to state a deliberate indifference claim against Doctor Coe. In response to Plaintiff's complaint that the cast caused blisters on his ankle, Doctor Coe directed Nurse Clevey to cut the cast. The complaint does not suggest that Doctor Coe was the only professional capable of completing this task and refused to do so. The complaint also does not suggest that Doctor Coe was aware that Nurse Clevey lacked the competence to complete this task or knew that she "butchered" the job. By all indications, Doctor Coe timely ordered one of his subordinates to address Plaintiff's complaint and did not learn about the consequences until two days later. Even if he should have followed up with Plaintiff before releasing him into the general population, this omission likely constitutes negligence and not deliberate indifference. *See Gomez*, 680 F.3d at 864 (holding that negligence will not sustain a claim under Section 1983). Count 1 shall also be dismissed against this defendant.

The allegations against Nurse Clevey are threadbare. According to the complaint, Nurse Clevey failed to properly cut Plaintiff's cast; the defendant allegedly "butchered" it. Plaintiff leaves all other details to the Court's imagination. It is therefore unclear whether Nurse Clevey agreed with Plaintiff's assessment or that she was aware that the cast failed. Plaintiff does not allege that he complained directly to her, either during or after the procedure.

Therefore, the Court cannot determine whether this defendant knowingly disregarded Plaintiff's need for medical intervention.  As for Plaintiff's claim against this defendant, the complaint does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Having failed to satisfy *Twombly*, the claim against Nurse Clevey must also be dismissed.

That leaves Plaintiff's deliberate indifference claim against James, the physician's assistant who agreed to let Doctor Coe know that the cast was "butchered."  The complaint offers no information regarding whether James actually told Doctor Coe about the cast or not.  Therefore, it is unclear whether he forgot, which would constitute negligence, or whether he chose not to tell Doctor Coe, which might rise to the level of deliberate indifference.  Without more, the deliberate indifference claim against James meets with the same fate as the claim against Nurse Clevey and shall be dismissed.

Based on the foregoing discussion, Count 1 shall be dismissed against all of the defendants.  And because Count 1 represents the only claim addressed in this action, the complaint shall also be dismissed.  However, the dismissal shall be without prejudice and with leave to file an amended complaint that re-pleads the Eighth Amendment claim against each defendant.  If Plaintiff chooses to file an amended complaint, he must follow the instructions for doing so in the disposition section below.

## Exhaustion of Administrative Remedies

The events giving rise to this action occurred on June 5-7, 2015, shortly before Plaintiff filed this lawsuit.  Although Plaintiff maintains that he exhausted his administrative remedies before bringing this action by filing an emergency grievance, the Court is skeptical (Doc. 1, p. 4).  *See* 20 ILL. ADMIN. CODE § 504.840 (setting forth requirements for filing a

grievance on an emergency basis). Plaintiff may not pursue his Section 1983 claims in federal court until *after* he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, the Court can dismiss an action for failure to state a claim upon which relief may be granted when it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (dismissal is appropriate "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous").

Therefore, the Court will dismiss the amended complaint if it is obvious on the face of the pleading that Plaintiff failed to exhaust his administrative remedies prior to filing this action. And, even if the Court does not reach this conclusion when conducting its threshold review of the amended complaint pursuant to 28 U.S.C. § 1915A, the case may still be subject to dismissal, if the Court reaches this conclusion after further fact-finding reveals that Plaintiff did not satisfy this requirement. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

## **Pending Motions**

**1.      Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff has filed a motion for service of process at government expense, which is hereby **DENIED**. The motion is unnecessary. Plaintiff has already been granted pauper status (Doc. 9). Once the Court reviews the amended complaint pursuant to Section 1915A, it will order service of the lawsuit on any defendants who remain in the action at that time. The Court will do so, whether or not Plaintiff files another motion.

2.      **Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff has also filed a motion for recruitment of counsel, which is hereby **DENIED** without prejudice.  There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).   Even so, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If he has done so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655.  The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In the motion, Plaintiff disclosed the following efforts to find an attorney: "I have know knowledge  I tryed  They could'nt" (Doc. 3, p. 1).  Along with the motion, Plaintiff filed a single letter from an attorney (Doc. 3, p. 3).  The letter comes from an Alabama-based law firm that apparently represents Plaintiff in connection with a potential product liability claim (Doc. 3, p. 3).  It indicates that the firm's representation of Plaintiff is limited to that case.

Curiously, the letter, which is dated June 3, 2015, pre-dates the events giving rise to this action.  The letter declines Plaintiff's request for representation in a case involving his medical treatment for a basketball injury.  Because the complaint does not mention a basketball injury or address events occurring prior to June 5, 2015, the letter appears to have no relevance to Plaintiff's motion.  And although Plaintiff is directed to "contact another law firm to assist in th[e] matter," he discloses no other efforts to locate an attorney.  The Court simply cannot conclude that Plaintiff has undertaken reasonable efforts to find an attorney based on these facts.

Further, this lawsuit focuses on a single Eighth Amendment claim.  The legal principles at issue are of the sort regularly litigated by inmates who are *pro se*.  Although Plaintiff claims to have only some high school education and also claims that English is not his primary language, the complaint does not suggest that Plaintiff is incapable of preparing a pleading that coherently sets forth his claim and his request for relief.  The complaint is generally coherent.  It simply needs further factual development, consistent with the instructions set forth in this Order.

Plaintiff's motion for recruitment of counsel (Doc. 3) is hereby **DENIED** without prejudice.  The Court will remain open to Plaintiff's future requests to recruit counsel on his behalf.

<u>Disposition</u>

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **WEXFORD HEALTH SERVICE, DOCTOR COE, NURSE CLEVEY** and **TRAVIS JAMES** are also **DISMISSED without prejudice**.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before August 25, 2015.** Should Plaintiff fail to file his amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the medical needs claim (**Count 1**) will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the "First Amended Complaint" must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the

amended complaint. The amended complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 20, 2015**

*s/J. Phil Gilbert*
**U.S. District Judge**