IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERMAINE SHAW, # B-01886, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00688-JPG |
| | ) |
| DR. JOHN COE, K. CLEVEY, | ) |
| WEXFORD HEALTH SERVICE, | ) |
| and TRAVIS JAMES,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On June 22, 2015, Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Wexford Health Service and three members of Lawrence Correctional Center's medical staff. In the complaint (Doc. 1), Plaintiff claimed that these defendants violated his rights under the Eighth Amendment when they denied him adequate medical care for a leg injury during a three-day period in June 2015.

The complaint did not survive preliminary review pursuant to 28 U.S.C. § 1915A. On July 21, 2015, the Court dismissed the complaint for failure to state a claim upon which relief may be granted. (Doc. 11). However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint on or before August 25, 2015. (*Id*. at pp. 10-11). He was warned that failure to file a properly amended complaint by that deadline would result in the dismissal of this action with prejudice. (*Id.* at p. 11).

---

[1] Plaintiff refers to this defendant as "Travis James" and "James Travis" in the complaint. The Court will refer to this defendant as "Travis James" throughout this Order.

The deadline has now passed.  Plaintiff has not filed an amended complaint.  He has also failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted and for failure to comply with an order of this Court.  FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 2, 2015**

*s/ J. Phil Gilbert*
United States District Judge